Williams, Appellant, *v.* Pepsi-Cola
Metropolitan Bottling Company, Inc.

Argued December 11, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Frank Weitzman*, submitted a brief for appellant.

*Charles Jay Bogdanoff*, with him *Joel M. Lieberman*, *William L. Kinsley*, and *Gekoski & Bogdanoff*, for appellee.

OPINION BY JACOBS, J., June 28, 1976:

This is an appeal from a judgment entered in favor of defendant Pepsi-Cola Metropolitan Bottling Company,

Inc. (hereinafter Pepsi) and against plaintiff-appellant Sidney Williams following an appeal from an award of arbitrators. We will affirm the judgment entered below.

Plaintiff-appellant Williams instituted the instant action in trespass on October 23, 1970 by writ of summons. A complaint was filed on November 6, 1970 in which appellant averred that he was injured as a result of drinking a bottle of appellee's Pepsi-Cola. He claimed therein that the bottle he drank contained particles of glass.[1] The complaint and the reissued writ of summons were served on November 10, 1970. A judgment upon default was entered against Pepsi on December 4, 1970.

On December 7, 1970, Pepsi filed an answer to appellant's complaint and the case proceeded thereafter as if the judgment upon default had not been filed.[2] The case was heard before a Board of Arbitrators and an Award of Arbitrators was made on May 1, 1973, for plaintiff-appellant Williams in the amount of $500.00. Appellant then appealed from the arbitrator's award and the cause was heard by Judge SPORKIN, without a jury, in March, 1974. On March 14, 1974, Judge SPORKIN held for appellee Pepsi, finding that the injuries sustained by plaintiff "were not occasioned by any negligence on the part of defendant" Pepsi. A verdict was entered in favor of Pepsi and against appellant. Appellant brought this appeal from the entry of judgment on that verdict, after his motion for a new trial was denied on March 14, 1975.

Two claims are made before this Court. Appellant first urges that the lower court erred in finding that appellant had failed to carry his burden of proving that appellee was negligent. Second, he urges that the court below erred by considering the issue of negligence.

---

1. Plaintiff's theory of liability was negligence. He pleaded neither products liability nor warranty theories.

2. At the trial of the case plaintiff-appellant introduced testimony concerning both negligence *and* damages. *See*, Pa.R.C.P. 1047(a).

Appellant thus argues that the lower court should not have ruled on appellee's negligence; alternatively, he claims that the court below, in improperly doing so, erred in its determination that negligence was not shown.

We shall first consider appellant's contention that appellee's liability was not properly an issue in this case. Appellant's claim is based on Pa.R.C.P. 1047(a), which provides that "[a]fter a complaint has been filed and the time for pleading thereto has expired, the prothonotary, on praecipe of the plaintiff, shall enter judgment against a defendant who has neither pleaded to the complaint nor appeared at any time in the action. In such case, the *damages ... shall be assessed at a trial at which the issues shall be limited to the amount of the damages."* (Emphasis added).

It is apparent from the record that at the trial in the instant case the issues *were not* limited to the amount of damages. Appellant proceeded as if no default judgment had been taken, as did appellee and the court below. However, it is equally apparent that appellant did not object to this procedure at trial or in his post-trial motions. Indeed, it was appellant who presented testimony at the trial which was predominantly directed to the issue of appellee's liability.

There is no doubt that appellant is correct in asserting that it was a trial error to consider issues other than the amount of damages at the trial. *See* Pa.R.C.P. 1047(a). Notwithstanding the validity of his claim, we cannot grant a new trial based thereon where no objection was voiced below at trial or on his motion for a new trial. "However correct ... [appellant's] legal position may be, we shall not disturb the trial court's verdict where timely objection was not made, and the issue is now raised as grounds for reversal. The recent decision of Dilliplaine v. Lehigh Valley Trust Co., 457 Pa. 255, 322 A.2d 114 (1974) lays to rest the 'basic and fundamental error test' in all civil cases, holding that failure to object or raise the matter below constitutes a

waiver for purposes of appeal. See also Zeman v. Borough of Canonsburg, 423 Pa. 450, 223 A.2d 728 (1966)." *Hionis v. Northern Mut. Ins. Co.,* 230 Pa. Superior Ct. 511, 518, 327 A.2d 363, 366 (1974). The net effect of the lower court's decision was to assess *no* damages and appellant's failure to object to that determination at trial or in post-trial motions precludes objection on appeal here. *E.g., Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974). *See, Chatham Communications, Inc. v. General Press Corp.,* 463 Pa. 292, 344 A.2d 837 (1975); *Benson v. Penn Central Transp. Co.,* 463 Pa. 37, 342 A.2d 393 (1975); *Butcher v. United States Inv. Corp.,* 236 Pa. Superior Ct. 8, 344 A.2d 583 (1975); *Myers v. Genis,* 235 Pa. Superior Ct. 531, 533 n. 3, 344 A.2d 691, 693 n. 3 (1975).

Appellant's second claim, that the trial court erred in determining that he had not carried his burden of proof on liability, *was* preserved below. If his argument on this point is correct, we should grant appellant a new trial. We have reviewed the record, however, and have concluded that the lower court was correct in determining that appellant did not carry the burden he assumed on the issue of appellee's negligence. Appellant's post-trial motion consisted of a "boiler-plate" motion for a new trial.[3]

It is well settled that a motion for a new trial is addressed to the sound discretion of the trial court and that " '... the denial of such a motion will not be reversed absent a clear abuse of discretion or error of law.' Wilson v. Nelson, 437 Pa. 254, 256, 258 A.2d 657, 658, 263 A.2d 116 (1969)." *Poltorak v. Sandy,* 236 Pa. Superior Ct. 355, 364, 345 A.2d 201, 205 (1975). Moreover, we are mindful that the discretion of the trial judge is not absolute and that " '...this [C]ourt will review the action of the court below and will reverse if it determines that it acted

---

3. Appellant claimed that the verdict was against: the evidence; the weight of the evidence; the law; and the charge of the court.

capriciously or palpably abused its discretion.' *Burrell v. Philadelphia Electric Company*, 438 Pa. 286, 288, 289, 265 A.2d 516, 517 (1970)." *Dixon v. Andrew Tile & Mfg. Corp.*, 238 Pa. Superior Ct. 275, 282, 357 A.2d 667, 670 (1976).

We can perceive no abuse of discretion in the instant case. The lower court, in its opinion, held that: "[i]n the absence of the production of the Pepsi-Cola Bottle and pieces of glass allegedly found therein, which would have been highly significant and relevant evidentiary exhibits, the sole evidence in the record in support of plaintiff's version of the facts consists of the self-serving statements of plaintiff and John Kendells. Plaintiff's testimony not only was self-contradictory but was contradicted, as well, by the testimony of Kendells and Abraham Gomberg. Nor do we find any credible evidence to support plaintiff's allegation that he was cut by a piece of glass contained in the bottle. It appears equally likely that if plaintiff swallowed any glass at all, such glass could have been contained in the portion of the sandwich which plaintiff was eating as he simultaneously imbibed the Pepsi Cola.

"Furthermore, the record fails to reflect that defendant was negligent in bottling the particular Pepsi Cola bottle in question. Indeed, defendant's testimony, which we credit, indicating reasonable safety precautions taken in the bottling of Pepsi Cola is totally unrebutted." The notes of testimony support the lower court's conclusions on the evidence presented and we agree that the verdict was neither against the evidence nor its weight.

Nor do we find that the verdict was against the law. The lower court properly applied the law applicable to this case, which, based on the pleadings and proofs, was the law of negligence. As noted above, appellant failed to produce evidence tending to prove that any negligent act of the appellee caused the injuries complained of. Moreover, as the lower court correctly observed, an inference of negligence and causation based on cir-

cumstantial evidence or the doctrine of res ipsa loquitur could not benefit appellant in this case since his evidence did not sufficiently eliminate the sandwich as an "other responsible cause." *See, Gilbert v. Korvette's, Inc.*, 457 Pa. 602, 614, 327 A.2d 94, 101 (1974); Restatement (Second) of Torts §328D.

Judgment affirmed.