378 A.2d 316

**Ross BECKER, Appellant,**

v.

**BUTLER COUNTY MEMORIAL HOSPITAL.**

Superior Court of Pennsylvania.

Submitted Nov. 17, 1975.

Decided Oct. 6, 1977.

322

Michael Hahalyak, Pittsburgh, for appellant.

William C. Robinson, Butler, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

Appellant, Ross Becker, who as the plaintiff in the court below, commenced an action in assumpsit against Butler County Memorial Hospital claiming that he was an employee of the hospital on the effective date of a retirement plan, which was January 1, 1968, and was therefore entitled to retirement benefits. The hospital denied that the appellant was an employee on January 1, 1968. A lengthy trial was held before Judge Dillon and a jury, and a verdict was entered for the appellee. Appellant's motion for a new trial was refused, and judgment was entered on the verdict.

Appellant had been continuously employed by appellee from December 13, 1949, until October 18, 1967. On that date, he was employed as a fireman and his duties included taking care of the boiler in the hospital. He also performed maintenance work. On October 18, 1967, he was painting the boiler when his wrist touched a very hot pipe. The pain caused him to jerk his head, and he hit it on a piece of angle iron, resulting in a cut on his head. Appellant was taken to the emergency room where he was treated by a doctor. He was then taken home by his wife. At home, the appellant was visited by his family physician, Dr. Hunt, on three occasions. Sometime prior to November 14, 1967, Dr. Hunt advised the appellee that the appellant was ready to return to work. On November 14, 1967, the hospital administrator wrote to the appellant and stated: "We need you at the hospital very bad, Mr. Becker, [appellant] and would like for you to report for work immediately." Appellant did not report back to work then and, in fact, never returned to the hospital.

During November, 1967, the chief of maintenance at the hospital tried on several occasions to reach the appellant by telephone to try to get him to come back to work or find out why he was not coming back. As the appellant could not be reached by telephone, the supervisor drove out to his house, but could not gain admission. Finally, the supervisor reached appellant's home by telephone, but was told that he could not speak to the appellant. He then talked to the appellant's wife on the telephone and told her that if the appellant didn't return to work, they would have to replace him. The personnel records indicate that on December 3, 1967, appellant was fired for failure to report to work. Appellant was replaced by another fireman. The employment records of the hospital also show that the appellant last worked as a full-time employee for the pay period ending October 21, 1967.

Evidence was introduced that the personnel policy at the hospital required that "a minimum of fourteen days notice of ending employment is to be given by both the

employee or the hospital except for a breach of ethics." There was no evidence that the appellant received any notice prior to the termination of his employment. Appellant contends that the court below erred in charging the jury: "Now, it is true that he was never formally dismissed as outlined in the procedures manual. However, if, in fact, he had quit, which the evidence in behalf of the hospital suggests, the lack of formality would be meaningless and of no consequences." We do not find this instruction to be erroneous.

The controlling question in this case is not whether the appellant was fired or quit, but rather whether he was an employee on January 1, 1968. The fact that he was fired or voluntarily quit without the fourteen days notice required under the hospital personnel policy does not change the fact that the appellant did not meet the eligibility requirements for a pension, namely that he must have been an employee on January 1, 1968.

We believe there is sufficient evidence to establish that the appellant voluntarily quit his job. His own family physician said he was able to return to work in November, 1967. His employer made numerous and unsuccessful attempts to reach him by telephone. The hospital wrote to the appellant and told him that he was badly needed on the job, and he was told by the maintenance chief that if he did not return he would be replaced. Through all this, the appellant remained aloof from his employer. As the Supreme Court pointed out in *Powell v. Allegheny County Retirement Board*, 431 Pa. 396, 403, 246 A.2d 110, 114 (1968): "It is not enough for an employee to sit back and remain away from his employment for an unreasonable period of time and expect his employer to notify him as to his status as an employee. The employee must either procure a leave of absence from his employer or once again resume his services if he is desirous of not being deemed as a matter of law to have 'voluntarily quit'." In order to qualify for a pension, the appellant had the burden of proving that he was an employee on January 1, 1968. The jury did not believe that

he met his burden, and the court below denied the appellant's motion for a new trial. We are mindful of the well-settled law that a motion for a new trial is addressed to the sound discretion of the trial court, and the denial of such a motion will not be reversed absent a clear abuse of discretion or error of law. *Williams v. Pepsi-Cola Metropolitan Bottling Co.*, 240 Pa.Super. 578, 362 A.2d 314 (1976). In this case, we find no abuse of discretion by the trial judge or error of law in refusing appellant's motion for a new trial.

Appellant also contends that the charge of the court was erroneous as the trial judge stated: "The evidence in support of the defense that he either quit or was dismissed is substantial . . . ." The charge to the jury must be read as a whole. *James v. Ferguson*, 401 Pa. 92, 162 A.2d 690 (1960). After the trial judge reviewed the testimony of the witnesses, he stated: "Now, this conflict in testimony amounts to credibility, and you have the task of resolving." The charge to the jury was fair to the appellant, and the portion objected to was not erroneous.

Judgment affirmed.

CERCONE, J., concurs in the result.