407 A.2d 456

**COMMONWEALTH of Pennsylvania**

**v.**

**Wilbert COOPER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Decided July 25, 1979.

James H. Stratton, Jr., Ebensburg, for appellant.

D. Gerard Long, District Attorney, Ebensburg, for Commonwealth, appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellant was convicted of burglary, theft, and receiving stolen property. On this appeal he alleges that he was denied a fair trial because his constitutional right of confrontation was violated.

Appellant's first trial on these charges ended on October 24, 1977, when a mistrial was declared upon motion of the defendants. The grounds for the mistrial were that, despite repeated warnings by the trial judge that his remarks were

improper, the Commonwealth's chief witness continued to make inflammatory and prejudicial statements. The case was then relisted for trial in December of 1977. On November 1, the motion by appellant's trial counsel to have the testimony of the mistrial transcribed was denied by the trial judge. Appellant asked in December for a continuance of the case until a transcript of the mistrial could be obtained and this request was also denied.

At appellant's second trial, the Commonwealth's chief witness testified in a manner inconsistent with his testimony in the previous trial. At the time, appellant's counsel was advised by the court that the witness could be impeached on the basis of prior inconsistent statements which counsel could remember or of which counsel had notes. Counsel proceeded with his examination of the witness by that method and succeeded in bringing to light three prior inconsistent statements which he remembered or had noted at the previous trial.

Appellant contends that the trial judge's failure to order a transcript of the mistrial and to make the transcript available to himself and the Commonwealth amounted to a violation of his 6th and 14th Amendment rights because his counsel was denied an opportunity to adequately cross-examine the Commonwealth's chief witness. *U. S. ex rel. Ragazzini v. Brierley,* 321 F.Supp. 440 (1970). Appellant would generally have the right to impeach a witness using the witness' previous sworn testimony. 1 Henry, Pennsylvania Evidence § 481 (1953). But, we cannot hold that a trial judge must always order a transcript of a mistrial and make the transcript available to the parties for introduction into evidence at the new trial. To so hold would frequently frustrate the purpose for which a mistrial is granted because testimony which necessitated the mistrial would be introduced again at the second trial. It is fair and logical to say that the ordering of a transcript of a previous mistrial is part of the trial court's broad discretion to order a new trial. *Albert v. Alter,* 252 Pa.Super. 203, 381 A.2d 459 (1977); *Becker v. Butler County Memorial Hospital,* 249 Pa.Super.

321, 378 A.2d 316 (1977). We cannot say the appellant's 6th and 14th Amendment rights were violated by the trial court's failure to order a transcript of the mistrial.

■ Appellant alleges an additional violation of his constitutional right of confrontation in that his counsel was not permitted to inspect a police report which appellant argues was referred to by a police officer on direct examination to refresh his memory. The Commonwealth argues that the officer referred to the report only on cross-examination and that appellant's counsel was therefore not entitled to inspect it. A review of the trial record confirms that it is nearly impossible to determine whether the officer referred to the report on direct examination, cross-examination, or both. To complicate matters, the crimes with which appellant and his co-defendants were charged occurred shortly after the Johnstown flood of July, 1976, and could be described as looting. The City of Johnstown had been declared a disaster area and the police officer testified that the confusion and state of emergency were keenly felt in the Police Department—that "it was utter chaos. The Public Safety Building was inoperable and everything was on auxiliary utility and it just wasn't normal conditions we were working under." It appears that the police report was extremely scanty by usual standards because of the confused state of the Police Department at the time it was made and did not contain any information concerning the date of the investigation.

Defense counsel were concerned with ascertaining the date of the investigation and the arrest dates of the three co-defendants. On cross-examination, the officer was unable to remember the date he investigated the incident. Defense counsel was permitted by the court to cross-examine the officer as to the dates of the investigations and arrests and the officer was directed by the court to refer to the police report in order to answer the questions. The officer then testified that he would place the date of the investigation as the date he signed the charges against the defendants, but that there was nothing in the police report

to corroborate this guess.[1] Trial counsel were thus able to cross-examine the witness as thoroughly as the incomplete condition of the police records would allow. No prejudice resulted to appellant because his counsel could not inspect the records. The records simply did not contain the information which counsel wished to elicit. If there was error, the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

█ Appellant also contends that his three concurrent sentences of 1 to 4 years imprisonment were excessive and illegal and should have been merged. We agree that the counts of Receiving Stolen Property and Theft should have been merged with the count of Burglary for sentencing purposes.

The judgment of sentence is vacated and the case is remanded for resentencing in accordance with this opinion.

---

1. Our resolution of this issue makes it unnecessary to determine whether the officer's testimony was present recollection refreshed or past recollection recorded.