**Broyles v. Hunt-Wesson Inc.**

C.P. of Monroe County, no. 3740.

*Daniel Munley,* for plaintiff.
*Pamela A. Carlos,* for defendant.

CHESLOCK, *J.,* March 21, 2002—The relevant facts are as follows. On or about June 8, 1998, plaintiff, Sandra J. Broyles, filed an action sounding in negligence and breach of warranty against defendants, Hunt-Wesson Inc. and Giant Food Stores Inc. Plaintiff contends that she suffered injuries to her throat caused by a foreign substance contained in the contents of a package of pudding, about three-quarters of which she ate. On February 1, 1999, defendants filed an answer and new matter. Thereafter, discovery was conducted and plaintiff deposed. Defense counsel made multiple requests to have the opportunity to submit the container for inspection. Plaintiff's counsel advised that the package was available at his office but not for shipment. On November 20, 2001, defendants were informed that the container was inadvertently discarded. Plaintiff did not submit an expert report and did not have the container inspected.

Defendants have filed a motion for summary judgment and plaintiff answered. Plaintiff did not appear for argument held on March 4, 2002. We are now ready to decide the issue.

The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *Drapeau v. Joy Technologies Inc.,* 447 Pa. Super. 560, 563, 670 A.2d 165, 167 (1996). The record is viewed in the light most favorable to the non-moving party. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 98, 674 A.2d 1038, 1041 (1996). The party opposing summary judgment may not rest upon the mere allegations or denials of the pleadings but must file a response identifying: (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced. Pa.R.C.P. 1035.3. The court must ignore controverted facts in the pleadings and restrict its view to allegations that are uncontroverted and to material filed in support of and in opposition to a motion for summary judgment. *Nationwide Mutual Insurance Co. v. Nixon,* 453 Pa. Super. 70, 75, 682 A.2d 1310, 1313 (1996). Summary judgment shall be granted only where the right to it is free and clear from doubt. *Musser v. Vilsmeier Auction Co. Inc.,* 378 Pa. Super. 657, 544 A.2d 1048 (1988).

There is precedent among our appellate courts favoring summary judgment where evidence is lost or simply does not exist in physical form, thereby preventing the

moving party from making out a prima facie case. In *Williams v. A-Treat Bottling Co.,* 380 Pa. Super. 195, 551 A.2d 297 (1988), the Superior Court affirmed a directed verdict for defendants where the plaintiff could not prove the presence of kerosene contained within a soda bottle:

"It is beyond dispute that, regardless whether an action for physical harm caused by an allegedly defective . . . product sounds in negligence or in strict liability, there must be some proof the product was indeed unsafe, and caused damages to the plaintiff. . . .

"In the matter sub judice, there simply does not exist one shred of evidence, in the form of either lay or expert testimony, that any kerosene was ever found in or on the soda bottle, or that wife-appellee ever ingested kerosene, much less that appellant somehow caused kerosene to be present in or on the bottle.

"While Pavlish himself did admit to the presence of a malfunctioning kerosene heater on his business premises, he also testified emphatically that it was not possible that kerosene had gotten into the soda, as even in the event of a cracked cap, the kerosene would have had to intrude underneath the cap onto the lid of the bottle. . . .

"Furthermore, wife-appellee admitted in her own deposition that she had not noticed any cracking or wear about the bottle top, and had not placed any portion of the bottle into her mouth, but had only touched the bottle top . . . to her lips. . . . She also admitted that she had never obtained the results of the police analysis of the bottle contents and did not know if kerosene had been discovered. . . .

"Lastly despite wife-appellee's assertions as to what she was told at the hospital, [the doctor] indicated in his deposition that, at no time was kerosene detected in either her bloodstream or . . . records . . .

"While the verdict winner is entitled to a favorable light, all affirmative facts helpful to his case, and all reasonable inferences thereof, he may not recover on the basis of evidence which is diametrically opposed to the facts alleged. . . . Where the only facts in evidence in support of his theory of recovery would require speculation and conjecture to find in the plaintiff's favor, the evidence is insufficient to support the verdict." *Williams v. A-Treat Bottling Co., supra* at 203-205, 551 A.2d at 301-302. (citations and footnote omitted)

The Superior Court in *Williams v. Pepsi-Cola Metropolitan Bottling Co. Inc.* reached a similar result. That court affirmed a jury finding in favor of the bottler where the plaintiff claimed he was cut by shards of glass from within the bottle. *Williams v. Pepsi-Cola Metropolitan Bottling Co. Inc.,* 240 Pa. Super. 578, 362 A.2d 314 (1976). The lower court found that in the absence of production of the bottle or the pieces of glass, the sole record in support of plaintiff's version consisted of self-serving, contradictory testimony by the plaintiff. *Id.* Therefore, the appellate court concluded that the verdict was not against the law, therefore the manufacturer was not negligent. *Id.*

However, our Supreme Court has since adopted the tripartite spoliation test for determining liability in negligence of product liability actions where key evidence is lost, altered or destroyed. *Schroeder v. PennDOT,* 551 Pa. 243, 710 A.2d 23 (1998). This rule was first enunciated in *Schmid,* where the Third Circuit Court stated:

"We believe the key considerations in determining whether . . . a sanction is appropriate should be: (1) the degree of fault of the party who altered or destroyed the

evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter similar conduct in the future." *Schmid v. Milwaukee Electric Tool Corp.,* 13 F.3d 76, 79 (3d Cir. 1994).

In *Schmid,* the plaintiff was not at fault. Rather, the investigator disassembled a saw where the issue was whether the saw's safety guard was defective. *Id.* Moreover, such action was necessary to determine if plaintiff had a claim. *Id.* Second, there was no severe prejudice suffered by defendant. For one thing, as a design defects case the defendant was able to inspect other saws for the same problem. *Id.* Further, the investigator did not intend to impair defendant's ability to inspect the saw. *Id.* at 80. Therefore, the *Schmid* court found that a "spoliation inference," or jury instruction that allows the jury to assume destroyed evidence unfavorable to the offending party, was far better than barring all evidence found during the plaintiff's investigation. *Id.* at 81.

A party that reasonably anticipates litigation has an affirmative duty to preserve relevant evidence. Where such evidence is destroyed sanctions may be appropriate, including outright dismissal of claims, exclusion of countervailing evidence, or jury instruction on the "spoliation inference." *Howell v. Maytag,* 168 F.R.D. 502 (M.D. Pa. 1996).

Applying the first element of the spoliation test to the present case, the plaintiff had a duty to preserve the container of the pudding. Defendants repeatedly requested

her to turn over the container for testing at a national laboratory. Plaintiff denied these requests. In turn, not only did plaintiff not have the container tested by her own expert, but she failed to look to see whether or not part of the container was missing. On the other hand, plaintiff cannot be blamed for the loss of the "foreign body" alleged to be contained in the content of the pudding. The doctor decided to push the substance down the esophagus rather than extract it. Also, the medical record, which clearly states that a "piece of food or beige foreign body" was lodged in plaintiff's throat, is reliable evidence. Therefore, the plaintiff is not at fault for the loss of the primary evidence.

Second, the degree of prejudice to the defendant as a result of not being able to examine the pudding content is high. Unlike *Schmid,* this is not a design defect case but rather plaintiff is claiming the particular product is defective. Loss of the container is also prejudicial because it is essential to prove defendants' rebuttal theory that plaintiff, by mistake, ate part of the plastic container.

Pennsylvania courts have granted summary judgment in past similar cases. For example, in *Roselli,* the court granted summary judgment because plaintiff could no longer make out a prima facie case. *Roselli v. General Electric Co.,* 410 Pa. Super. 223, 599 A.2d 685 (1991). There, plaintiff failed to preserve shards of glass for inspection where he claims a coffee carafe manufactured by defendant exploded. *Id.* at 229, 599 A.2d at 688. There was prejudice because the negligence averred went to the particular product and not a design defect and defendant replied that the accident was caused by prior wear and tear.

However, our facts are distinguishable. First, the plaintiff did not lose the primary evidence, the contents of the pudding. Second, the plaintiff has produced reliable circumstantial evidence in the form of the doctor's report indicating that she choked on something. It is well established that a plaintiff should not be barred from using circumstantial evidence where available. Furthermore, the product was not abnormally used, as plaintiff testified that she ate the pudding with a stainless steel spoon. Thus, the fact-finder could infer causation based on res ipsa loquitur. Finally, the plaintiff suffered injury to her throat and still has trouble swallowing. Certainly we agree that the loss of direct, physical evidence is crucial in this case; we stop short of finding that plaintiff is unable to state a claim.

Applying the third prong of the spoliation test, we find that a sanction less than summary judgment will not hinder the rights of defendants and will deter similar conduct; specifically, a jury instruction that evidence of the "foreign substance" would not have proven negligence, and that the jury is free to assume that the object swallowed may have been a piece of the container. Also, plaintiff shall be precluded from offering testimony or documents that the injuries were caused by a defective product. However, plaintiff should not be barred from admitting medical and other testimony to show that she swallowed something which caused injury to her throat.

## ORDER

And now, March 21, 2002, defendants Hunt-Wesson Inc. and Giant Food Stores Inc.'s motion for summary judg-

ment is hereby denied. The following sanctions against plaintiff, Sandra J. Broyles, are imposed:

(1) Plaintiff is barred from offering evidence that the product container was defective.

(2) An instruction will be given to the jury that they are free to assume lost or destroyed evidence is unfavorable to the plaintiff.