J-S21026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KORY LUCAS FITZGERALD | : | |
| | : | |
| Appellant | : | No. 1292 MDA 2022 |

Appeal from the Judgment of Sentence Entered August 16, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000849-2021

BEFORE:   BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: OCTOBER 23, 2023**

Appellant Kory Lucas Fitzgerald appeals from the judgment of sentence imposed following his convictions for fleeing or attempting to elude a police officer[1] (fleeing) and related summary offenses.  Appellant raises multiple evidentiary claims and challenges the weight of the evidence.  We affirm.

The trial court summarized the underlying facts and procedural history of this case as follows:

On April 23, 2021, Ranger James Sleighter (hereinafter "Ranger Sleighter"), Law Enforcement Ranger for the Department of Conservation and Natural Resources, Bureau of Forestry (hereinafter "DCNR"), assigned to Michaux State Forest, was on patrol with Ranger Scott Greevy (hereinafter "Ranger Greevy"). Ranger Greevy was the driver, and they were in their law enforcement vehicle, a Ford[ F-250] pickup truck equipped with emergency lights and siren.  The Rangers were traveling

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa. C.S. § 3733(a).

northbound on Wenksville Road in Menallen Township, Adams County, Pennsylvania, and observed a white sedan turn in front of their vehicle from Slatersville Road onto Wenksville Road and travel northbound on Wenksville Road. Ranger Sleighter testified the white sedan drove erratically, drifting and weaving across the center line and the right shoulder line. The white sedan travelled from Wenksville Road to Coon Road and continued to drive erratically. As the Rangers crossed the boundary to Michaux State Forest, Ranger Greevy activated the vehicle's emergency lights. The white sedan did not stop and accelerated rapidly. After the white sedan failed to stop[,] Ranger Greevy initiated his siren. Ranger Sleighter utilized his cellular telephone and took a video of the white sedan while it accelerated rapidly. The Rangers followed the white sedan from Coon Road to Back Road. The Rangers approached an intersection and stop sign at West Point Road. Ranger Sleighter lost sight of the white sedan because it had accelerated rapidly. A gentleman off the roadway (Chris Cover) pointed to the right on West Point Road. Ranger Greevy turned right on West Point Road, travelled up the hill, and at the crest of the hill, Ranger Sleighter observed the white sedan in the distance. Ranger Sleighter observed a school bus with flashing red lights travelling in the same direction as the white sedan. Concerned about their safety and the safety of other vehicles on the roadway, the Rangers discontinued their pursuit of the white sedan.

The Rangers returned to Piney Apple Golf Course located off Slatersville Road. The Rangers observed surveillance cameras in the area of the clubhouse at Piney Apple Golf Course. The Rangers spoke with the owner, Marguerite Buch and her son, Cory Buch. Cory Buch showed the Rangers videos from earlier that day, and they observed an individual Ranger Sleighter identified as Appellant in golf cart #2 in the parking lot of Piney Apple Golf Course. A second video depicted Appellant walking towards a white sedan and entering the white sedan. A third video depicted the white sedan travelling on Slatersville Road from the parking lot of Piney Apple Golf Course and turning left on Wenksville Road directly in front of the Rangers' F-250 pickup truck.

Ranger Sleighter obtained a copy of the debit card receipt utilized by the individual in the video. The debit card was registered to Appellant. The debit card receipt displayed a debit sale on April 23, 2021, at 2:30 p.m. at Piney Apple Golf Course for $20.00 for golf cart #2.

Ranger Sleighter obtained a JNET photograph of Appellant, who was the same individual depicted in the video from Piney Apple Golf Course.

Ranger Sleighter eventually obtained an arrest warrant for Appellant and arrested Appellant on June 26, 2021, at Melissa Maben's residence in Carlisle, Pennsylvania. Ranger Sleighter observed the white sedan depicted in the videos parked at this location.

\*    \*    \*

On June 26, 2021, Appellant was arrested in Carlisle, Pennsylvania and charged with fleeing or attempting to elude police officer, recklessly endangering another person, and several summary vehicle violations. . . .

\*    \*    \*

On June 10, 2022, Attorney Harper filed [Appellant's] motion in *limine* seeking to prevent use of the three video recordings obtained from the surveillance footage from Piney Apple Golf Course. On June 14, 2022, this court denied [Appellant's] motion in *limine* and ruled that the videos were admissible in accordance with Pennsylvania Rule of Evidence 1003. The videos were properly authenticated prior to their admission.

Following jury trial on June 14, 2022, the jury could not reach a decision on the fleeing or attempting to elude police officer charge and found Appellant not guilty of recklessly endangering another person. This [c]ourt granted a mistrial concerning the fleeing or attempting to elude police officer charge.

\*    \*    \*

On Wednesday, July 27, 2022, this court received a request for transcript for the June 14, 2022 jury trial. This court denied Appellant's request for transcript because jury selection was scheduled for Monday, August 1, 2022, and the stenographer did not have sufficient time to prepare the transcript.

[Appellant appeared] for jury selection on August 1, 2022. On August 2, 2022, Attorney Harper filed [Appellant's] motion in *limine* seeking to preclude the anticipated testimony of Melissa

- 3 -

Maben in violation of Pennsylvania Rule of Evidence 403, based on Appellant's "volatile relationship between this witness and [Appellant] in that they share a child together and are in the midst of a dispute over custody and child support." Hearing on [Appellant's] motion in *limine* was held before this court on August 3, 2022, and Appellant's motion in *limine* was denied. Such identification testimony was allowed in accordance with Pennsylvania Rule of Evidence 701. This court also ruled that any innate, unfair prejudice to defendant stemming from the volatile relationship between Ms. Maben and the defendant goes to the weight of the evidence, not admissibility, and such unfair prejudice is not outweighed by the probative value of the testimony.

Trial Ct. Op. at 1-7.

The trial court summarized the evidence presented at trial as follows:

Chris Cover, who lives at the intersection of West Point Road, testified that late afternoon on April 23, 2021, he was outside his house and heard a siren. Mr. Cover observed a vehicle come around the corner at a high rate of speed and run the stop sign at West Point Road. Mr. Cover observed the DCNR pickup truck shortly thereafter, with lights and siren activated. Mr. Cover pointed in the direction of the other vehicle and the DCNR pickup truck travelled in that direction.

Marguerite Buch testified that she knows Appellant as Kory, who played golf at Piney Apple. On April 23, 2021, Appellant played Golf at Piney Apple Golf Course, and rented golf cart #2, which was depicted in one of the videos offered into evidence by the Commonwealth.

Ranger Greevy testified concerning the events of April 23, 2021. Ranger Greevy's testimony was consistent with Ranger Sleighter's testimony. Ranger Greevy testified that after he initially activated his vehicle's emergency lights, the white sedan quickly. Ranger Greevy subsequently initiated the vehicle's siren, increased his speed from 40 MPH to over 70 MPH and still lost sight of the white sedan for a period of time. After Ranger Greevy turned onto West Point Road and travelled up a hill, he observed the white sedan travelling in the distance near a school bus with its flashing red lights on. Shortly thereafter, Ranger Greevy decreased his speed and stopped the chase for safety reasons. Ranger Greevy testified

- 4 -

that the white sedan never tapped its brake lights when it was near the school bus.

Ranger Greevy testified that after returning to Piney Apple Golf Course, he reviewed video surveillance with Cory Buch. Ranger Greevy utilized his cell phone and took three separate videos from the video surveillance footage at Piney Apple Golf Course. Ranger Greevy identified the white sedan in the videos, which had a temporary tag in the top left corner of the rear window. The same white sedan was observed in the cellphone video recorded during the high-speed chase by Ranger Sleighter and the temporary tag was located in the top left corner of the rear window. Other distinguishing marks were observed on the white sedan in the videos obtained from Piney Apple Golf Course and the white sedan observed during the high-speed chase recorded by Ranger Sleighter. Ranger Greevy testified that he observed the same white sedan when Appellant was arrested in Carlisle during June 2021.

Melissa Maben, who was involved in a relationship with Appellant for ten years, and with whom Appellant has a daughter, testified for the Commonwealth. During April 2021, Ms. Maben was living in Carlisle. Appellant was staying at her house occasionally. Ms. Maben identified the vehicle in Ranger Sleighter's video taken during the high-speed chase as Appellant's vehicle. She recognized the temporary tag in the left corner of the rear window. Ms. Maben also identified Appellant as the individual in several videos and screenshots taken while Appellant was in the parking lot of Piney Apple Golf Course and identified the white sedan as Appellant's vehicle. Ms. Maben testified the same white sedan was at her residence in Carlisle when Appellant was arrested.

*Id.* at 3-5.

Ultimately, the trial court found Appellant guilty of fleeing or attempting to elude a police officer, graded as a second-degree felony, and two summary traffic violations. On August 16, 2022, the trial court sentenced Appellant to

partial confinement of 115 to 234 days at the Adams County Correctional Facility.[2]

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

1. The trial court committed an error of law or abused its discretion in denying [Appellant's] motion in *limine* and allowing bias[ed] testimony of Melissa Maben.

2. The trial court committed an error of law or abused its discretion in allowing the introduction of a video recording which was recorded on a cell phone and admitted in violation of the best evidence rule.

3. The trial court abused its discretion in denying trial counsel's request for the June 14, 2022 trial transcript (which ended in a mistrial) in anticipation and preparation of the second trial held August 4, 2022.

4. The guilty verdict of fleeing and eluding (M2) and related summary offenses was against the weight of the evidence when: The Rangers could not identify [Appellant] as the driver of the vehicle; the vehicle in question was never pulled over or otherwise directly tied to defendant; [Appellant] made no admissions; [t]he eyewitness provided contradicting testimony in the second trial.

Appellant's Brief at 8-9.[3]

_____

[2] The record reflects that Appellant was given 234 days of credit for time served and immediately released following sentencing.

[3] Although Appellant includes an additional issue in his statement of questions, Appellant notes that he has withdrawn that claim on appeal. *See* Appellant's Brief at 9.

**Melissa Maben**

In his first claim, Appellant argues that the trial court "abused its discretion and committed an error of law in allowing the lay witness testimony of Melissa Maben to establish Appellant as the driver of the white sedan on the day of the incident." *Id.* at 28. In support, Appellant notes that "[Ms.] Maben was not present at the golf course on the date in question" and "did not testify to having any direct contact or communication with Appellant on [that date] to know what he was doing, where he was, what vehicle he was driving, or what he was wearing." *Id.* at 31. Appellant claims that although Ms. Maben was a lay witness, she gave "opinion testimony . . . which was used for the sole purpose of identifying Appellant as the driver of the white sedan, a material and necessary element." *Id.* at 30. Appellant asserts that Ms. Maben's "testimony that she was familiar with Appellant's appearance at or near the time of the alleged incident" was inadmissible "absent evidence that his appearance [] changed prior to trial." *Id.* at 32 (citing *Commonwealth v. Thomas*, 2014 WL 10787879 (Pa. Super. filed Nov. 19, 2014) (unpublished mem.). Therefore, Appellant concludes that the trial court erred in allowing Ms. Maben to testify at trial.

In reviewing a challenge to the admissibility of evidence, our standard of review is as follows:

> Questions concerning the admissibility of evidence are within the sound discretion of the trial court and we will not reverse a trial court's decision concerning admissibility of evidence absent an abuse of the trial court's discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or

misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. If in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. Belknap*, 105 A.3d 7, 9-10 (Pa. Super. 2014) (citations omitted and formatting altered).

"Relevance is the threshold for admissibility of evidence."

*Commonwealth v. Tyson*, 119 A.3d 353, 358 (Pa. Super. 2015) (en banc) (citation omitted).

Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or tends to support a reasonable inference or proposition regarding a material fact. Relevant evidence may nevertheless be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*Commonwealth v. Danzey*, 210 A.3d 333, 342 (Pa. Super. 2019) (citation and quotation marks omitted), *appeal denied*, 219 A.3d 597 (Pa. 2019).

Pennsylvania Rule of Evidence 701 states that in cases where a witness is not testifying as an expert, his or her opinion testimony must be limited to what is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 701." Pa.R.E. 701.

"Generally, lay witnesses may express personal opinions related to their observations on a range of subject areas based on their personal experiences that are helpful to the factfinder." *Commonwealth v. Berry*, 172 A.3d 1, 3-4 (Pa. Super. 2017) (citations omitted). "Fact testimony may include opinion or inferences so long as those opinions or inferences are rationally based on the witness's perceptions and helpful to a clear understanding of his or her testimony." *Commonwealth v. T.B.*, 232 A.3d 915, 919 (Pa. Super. 2020), *appeal denied*, 240 A.3d 98 (Pa. 2020) (citations omitted, some formatting altered).

Here, the trial court addressed Appellant's claim as follows:

Melissa Maben was involved in a relationship with Appellant for approximately ten years and was familiar with Appellant's vehicle during the time period in question (April 2021). Lay opinion identification testimony may be helpful to the jury if it is rationally based on the perception of the witness and is helpful to the determination of a fact in issue. Ms. Maben provided a proper foundation to support this lay identification testimony. The prior relationship between Appellant and Ms. Maben was not grounds to preclude her testimony. Defense counsel was granted the opportunity to question Ms. Maben concerning her prior relationship with Appellant, including pending litigation concerning the custody of their child. Such evidence went to the weight, not the admissibility, of Ms. Maben's testimony.

Trial Ct. Op. at 11.

Following our review of the record, we discern no abuse of discretion by the trial court. *See Belknap*, 105 A.3d at 9-10. The record reflects that Ms. Maben's testimony was based on her own perceptions of the video footage and her personal knowledge concerning Appellant's vehicle and his

appearance around the time of the incident. *See T.B.*, 232 A.3d at 919. Therefore, Appellant is not entitled to relief on this claim.[4]

**Video Recording**

Appellant argues that the trial court "abused its discretion and committed an error of law in admitting the security footage from the Piney Apple Golf Course when the recordings served as the foundation of the Commonwealth's entire case against the best evidence rule." Appellant's Brief at 23. In support, Appellant notes that the footage used at trial was a recording of the surveillance footage which "was secured using the Ranger's cell phone and does not include one continuous recording wherein other, potentially exculpatory evidence, including the movement of a second white sedan, would have been available." *Id.* at 25. Further, Appellant argues that

---

[4] As noted previously, Appellant relies on this Court's decision *Thomas* to conclude that Ms. Maben's testimony was inadmissible at trial in light of federal case law that imposes additional requirements for lay witnesses who identify individuals from surveillance evidence. *See Thomas*, 2014 WL 10787879. However, *Thomas* is an unpublished decision by this Court that was filed **prior** to May 1, 2019. Therefore, the case is not only non-precedential, but may not be cited or relied upon for its persuasive value. *See, e.g., Commonwealth v. Finnecy*, 249 A.3d 903, 910 n.9 (Pa. 2021); Pa.R.A.P. 126(b).

In any event, more recent case law reflects that lay witnesses may provide identification testimony based on footage played at trial. *See e.g., Commonwealth v. Connelly*, 1004 MDA 2022, 2023 WL 5274028 at *9 (Pa. Super. filed Aug. 16, 2023) (unpublished mem.) (rejecting an appellant's claim that lay witnesses cannot testify regarding the identity of a person depicted in a surveillance video that is also shown to the jury); *see also* Pa.R.A.P. 126(b)(1)-(2) (stating that unpublished, non-precedential decisions of this Court that are filed **after** May 1, 2019, "may be cited for their persuasive value").

"[t]he record is devoid of any evidence that the Rangers requested the consent of Piney Apple Golf Course to download or otherwise procure an original from their security system or that the Rangers requested a warrant or subpoena for the same." *Id.* Therefore, Appellant concludes that the trial court erred in allowing the Commonwealth to use the video footage at trial.

> Pursuant to Rule 1002, known as the "best evidence rule" under common law, "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise." Pa.R.E. 1002. Although the best evidence rule is traditionally applied only to writings, "[s]urveillance videotapes 'present the same type of circumstances which the best evidence rule was designed to guard against,' namely testimony about the content of a videotape when the original tape has not been produced or admitted." *Commonwealth v. Green*, 162 A.3d 509, 518 (Pa. Super. 2017).

*Commonwealth v. Abrams*, 2022 WL 164560 at *3 (Pa. Super. filed Jan. 19, 2022) (unpublished mem.) (footnote omitted).

While testimony to prove content is inadmissible if neither an original nor a duplicate is introduced, "[a] duplicate is admissible[,] to the same extent as the original[,] unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Pa.R.E. 1003 (emphasis added). Duplicates are defined as "cop[ies] produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces [an] original." Pa.R.E. 1001(e). "In those cases where the opposing party raises a genuine question as to the authenticity or fairness of using a duplicate, the trial court may

require the production of the original under this rule." Pa.R.E. 1003, Comment. However, "[a]n original is not required and other evidence of the content of a writing, recording, or photograph is admissible if . . . all the originals are lost or destroyed, and not by the proponent acting in bad faith." Pa.R.E. 1004(a). Further, evidence may be authenticated through the testimony of a witness with knowledge that an item is what it is claimed to be. Pa.R.E. 901(b)(1), (11)(A).

Here, the trial court addressed Appellant's claim as follows:

Appellant also contends that the trial court committed an error of law or abused its discretion in allowing the introduction and playing of video evidence which was recorded on a cell phone in violation of the best evidence rule. Appellant contends that this court erred in allowing the admission of the videos and still photographs taken from the surveillance video from Piney Apple Golf Course by Ranger Greevy utilizing his cell phone. Appellant's contention has no merit.

[Appellant] filed [a] motion in *limine* on June 10, 2022 and this court reserved ruling on [the motion] pending testimony from witnesses at trial concerning authentication of the videos. Cory Buch testified during the June 14, 2022 jury trial that he is an employee of Piney Apple Golf Course and is in charge of the video surveillance at Piney Apple. On April 23, 2021 Cory Buch showed video surveillance from the original surveillance tape to Ranger Sleighter and Ranger Greevy. The surveillance tapes were on a permanent loop, and the surveillance system automatically recycled the original videotape. Piney Apple Golf Course did not have a back-up surveillance system. If the Rangers attempted to seize the original videotape on April 23, 2021, Piney Apple Golf Course could not use their video surveillance system. Cory Buch, Ranger Sleighter and Ranger Greevy properly authenticated the videos Ranger Greevy had recorded from the original surveillance tape. As such, the videos were properly authenticated and admitted. . . . The original videotape was not destroyed as a result of bad faith on the Commonwealth's part. Since the original videotape was unavailable at trial, the best evidence rule did not

- 12 -

apply. Based on denial of [Appellant's] motion in *limine* on June 14, 2022, such videos were properly admitted at jury trial on August 4, 2022.

The three video recordings taken from the original video recordings were also admissible at trial in accordance with [Rule 1003]. The duplicate videos were taken directly from the original surveillance videotape and truly depicted what was on the original videotape. Their admission was not prejudicial to Appellant.

Trial Ct. Op. at 12-13.

Following our review of the record, we discern no abuse of discretion by the trial court. *See Belknap*, 105 A.3d at 9-10. Although Appellant claims that the videos "do[] not include one continuous recording wherein other, potentially exculpatory evidence, would have been available," *see* Appellant's Brief at 23, Appellant does not explain how the format "raises a genuine question as to authenticity or the fairness of using a duplicate." *See* Pa.R.E. 1003; *see also* Pa.R.E. 1003 Comment (noting that since the best evidence rule was enacted, "[t]he extension [of admitting] all accurate copies seems justified in light of modern practice" where copies are "made by techniques that are more likely to produce accurate copies"). Therefore, the trial court did not abuse its discretion in admitting this evidence at trial. Accordingly, Appellant is not entitled to relief on this claim.

**Trial Transcript**

Appellant argues that the trial court abused its discretion in denying his request for the transcript from the jury trial that ended in a mistrial. Appellant's Brief at 33. Appellant argues that because the trial court denied his request for the transcript, "defense counsel could not cross reference the

- 13 -

testimony witnesses leaving him no opportunity to impeach their credibility or test their reliability." *Id.* at 33-34. Further, Appellant contends that "[t]he trial court erroneously determined that defense counsel filed an untimely request for transcripts on July 27, 2022," but that "[i]n reality, the request for transcripts was docketed on July 11, 2022, only weeks after the first trial and almost four weeks prior to the commencement of the second trial [on] August 4, 2022." *Id.* at 34.

Initially, we note that the Pennsylvania Rules of Appellate Procedure unequivocally require that an appellant support each question he or she raises with discussion and analysis of pertinent authority. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009); *see also* Pa.R.A.P. 2119(a). "Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Johnson*, 985 A.2d at 924.

Here, Appellant has failed to cite any relevant authority in support of his claim.[5] Accordingly, this issue is waived. *See id.*

---

[5] Although, generally, defendants may use previous sworn testimony to impeach a witness, we have been unable to identify any authority stating that a defendant is entitled to use the transcript from a mistrial in all situations. Indeed, this Court has declined to hold that "a trial judge must always order a transcript of a mistrial and make the transcript available to the parties for introduction into evidence at the new trial" and explained that "[t]o so hold would frequently frustrate the purpose for which a mistrial is granted because testimony which necessitated the mistrial would be introduced again at the second trial." *Commonwealth v. Cooper*, 407 A.2d 456 (Pa. Super. 1979)
*(Footnote Continued Next Page)*

## Weight of the Evidence

In his remaining claim, Appellant argues that his conviction for fleeing was against the weight of the evidence. Appellant's Brief at 35-38.

Before addressing this claim, we must determine whether Appellant properly preserved it for review. It is well settled that "[a] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." *See Commonwealth v. Rivera*, 238 A.3d 482, 497 (Pa. Super. 2020); Pa.R.Crim.P. 607(A). (citations omitted).

Here, our review of the record confirms that Appellant did not file a post-sentence motion. Therefore, because Appellant failed to properly preserve a weight claim, it is waived. *See Rivera*, 238 A.3d at 497. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

---

(noting that "[i]t is fair and logical to say that the ordering of a transcript of a previous mistrial is part of the trial court's broad discretion to order a new trial").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>10/23/2023</u>